HOME SAVINGS BANK OF SLATER, Appellant, v. PHIL BERGGREN et al., Appellees.

No. 40019.

JANUARY 13, 1931.

*E. S. Tesdell* and *Addison & Smedal,* for appellant.

*Lee, Steinberg & Walsh,* for appellees.

EVANS, J.—The petition averred that the plaintiff-bank had become insolvent prior to April 21, 1927; that, on that date, under the supervision of the state banking department, it transferred all its assets to the Farmers Savings Bank of Slater; that the said Farmers Savings Bank of Slater assumed the payment of all the plaintiff's deposits; that, in order to induce such assumption by the Farmers Savings Bank, certain directors of the plaintiff-bank gave to the said Farmers Savings Bank their obligation to hold it harmless; that said directors thereby became creditors of the insolvent bank; that said insolvent bank has not sufficient assets to pay its creditors. Hence this proceeding to enforce an assessment. The right to bring the action was predicated upon a formal order issued by the superintendent of banking, which order was set forth as an exhibit to the petition, as follows (omitting formalities) :

"Whereas, in the sale of the Home Savings Bank of Slater to the Farmers Savings Bank of Slater, on the 21st day of April, 1926, there was executed a bills payable note of the Home Savings Bank of Slater to cover any deficiency between the assets of the said Home Savings Bank and the deposit liability assumed by the Farmers Savings Bank,

"And, whereas, in a recent examination of the Farmers Savings Bank of Slater, the examiner found that the assets of the Home Savings Bank of Slater have been exhausted and that they were insufficient to meet the liabilities of the bank,

"Now, therefore, I, L. A. Andrew, superintendent of banking for the state of Iowa, do hereby order and direct that an assessment be made upon the several stockholders of said bank, namely, Home Savings Bank of Slater, Iowa, amounting to one hundred per cent (100%) of the capital stock, being one hundred dollars ($100.00) per share of the stock held by each stock-

holder, *for the purpose of paying the obligations of the said Home Savings Bank to its creditors, as provided by Sections 9251 and 9252 of the Code."*

It will be noted from the foregoing that the order above set forth purports to declare an assessment pursuant to Sections 9251 and 9252. These sections relate to the superadded liability of stockholders for the debts of an insolvent bank. The bank itself has no right to maintain such an action. Such action accrues to the creditors, and not to the bank. Plaintiff recognizes this state of the law and the incongruity of its petition. It contends, however, that the reference to those sections in the order was a manifest error, and that the same should be disregarded as surplusage.

It contends that the real purpose of the superintendent of banking was to order an assessment under the provisions of Section 9248, which provides for an assessment to restore impaired capital. This, however, is a mere inference or deduction, and is not made apparent in the record. It is argued that, inasmuch as the state superintendent of banking had no right to order an assessment under Sections  9251 and 9252, this is a sufficient reason for saying that he must have intended, rather, to order an assessment under Section 9248. But he had no better right to order an assessment under Section 9248 than he did to order one under Sections 9251 and 9252. Section 9248 has no application to insolvent banks. It applies only to solvent banks whose capital has been impaired. It does not contemplate the restoration of the capital of an insolvent bank. When a bank becomes insolvent, it becomes the duty of the superintendent of banking to proceed against it, as such. No power is conferred upon the superintendent under Section 9248 to impose an assessment upon the stockholders of an insolvent bank. Moreover, the order above set forth purports to be for the benefit of the *creditors* of the plaintiff-bank. Such is the function of Section 9251. It is not the function of Section 9248.

Plaintiff's petition was properly dismissed, and the order of the district court is—*Affirmed.*

DE GRAFF, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.